IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY         :   ECF CASE
COMMISSION,                          :
                                     :   CIVIL ACTION NO.
              Plaintiff,             :
                                     :
      v.                             :   COMPLAINT
                                     :
BOND BROS., INC., and MCPHEE         :   JURY TRIAL DEMANDED
ELECTRIC LTD.,                       :
                                     :
              Defendants.            :
------------------------------------------------------------x
```

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (collectively "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Kevin Lebovitz ("Lebovitz"), who was adversely affected by such practices. As alleged with greater particularity in paragraph 14 below, the Equal Employment Opportunity Commission alleges that Defendants unlawfully refused to hire Lebovitz on the basis of his disability, and failed to provide him with a reasonable accommodation.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Connecticut.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant McPhee Electric Ltd. ("McPhee"), a Connecticut corporation, has continuously been doing business in the State of Connecticut and the City of Farmington, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant McPhee has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant McPhee has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.  At all relevant times, Defendant Bond Bros., Inc. ("Bond"), a Massachusetts corporation, has continuously been doing business in the State of Connecticut and the City of New Haven, and has continuously had at least 15 employees.

8.      At all relevant times, Defendant Bond has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.      At all relevant times, Defendant Bond has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Lebovitz filed a charge with the Commission alleging violations of the ADA by Defendants.

11.     The Commission issued to Defendants a Letter of Determination dated September 4, 2013, notifying Defendants that the Commission found reasonable cause to believe that Defendants had discriminated against Lebovitz because of his disability.

12.     The conciliation efforts required by law have occurred and were unsuccessful.

   (a)   On September 4, 2013, the Commission issued to Defendants a Letter of Determination inviting Defendants to join with EEOC in informal methods of conciliation.

   (b)   On January 13, 2014, EEOC issued a Notice of Conciliation Failure advising Defendants that despite its efforts EEOC was not able to secure an agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been met.

14.     Beginning on or about August 27, 2012, Defendants engaged in unlawful employment practices at their New Haven, Connecticut jobsite, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, as outlined below:

(a) Lebovitz has dyslexia, which substantially limits his ability to read.

(b) Lebovitz has been a journeyman carpenter for about 15 years and received numerous safety trainings and certifications from the Department of Labor, Occupational Safety and Health Administration.

(c) In 2012, Defendant McPhee was the general contractor for the construction of the power utility substation in New Haven, Connecticut, known as the East Shore Substation Project ("Substation Project"). Defendant McPhee subcontracted portions of the Substation Project construction to Defendant Bond.

(d) On August 27, 2012, Lebovitz reported to the Substation Project site after Defendant Bond requested a carpenter steward from the Central and Eastern Connecticut Carpenter Local 24 Union for the Substation Project.

(e) Upon arrival, Lebovitz was given a packet of safety information by McPhee's health and safety officer to review and sign. Lebovitz told the health and safety officer that he had dyslexia and could not read. He also said that he would need some help reviewing the safety information, or he could take it home and review it there. The health and safety officer told Lebovitz to wait.

(f) While waiting for his orientation, Lebovitz also checked in with Bond's superintendent for the Substation Project. Bond's superintendent also asked Lebovitz to wait while he checked with the health and safety officer on Lebovitz's orientation status.

(g) The health and safety officer consulted with several of McPhee's managers about what they perceived to be the safety risk of allowing Lebovitz to work at the Substation Project.

       (h)     The health and safety officer later told Bond's superintendent that McPhee believed that Lebovitz would present a risk to himself and other workers at the Substation Project, and thus Defendants should not hire him.

       (i)     At around 2:00 p.m. on August 27, 2012, Bond's superintendent told Lebovitz that that he could not be hired because he would be a safety hazard due to his inability to read the safety information and warning signs.

       (j)     Lebovitz told Bond's superintendent that from December 2011 to July 2012, he had worked safely in a similar construction job nearby.  Lebovitz said that he had worked as a carpenter for over 15 years and never had an issue with safety.  He also said he had taken numerous safety trainings and received numerous training certifications from the Department of Labor, Occupational Safety and Health Administration.

       (k)     Defendants refused to hire Lebovitz.  Defendants did not provide any reasonable accommodation to help him read or understand the safety information or warning signs.

15.    The effect of the practices complained of in paragraph 14 above has been to deprive Lebovitz of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his disability.

16.    The unlawful employment practices complained of in paragraph 14 above were intentional.

17.    The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Lebovitz.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in disability discrimination.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to make Lebovitz whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to instatement of Lebovitz to the carpenter position, or front pay in the alternative.

D.    Order Defendants to make Lebovitz whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above, including but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E.    Order Defendants to make Lebovitz whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including losses such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants to pay Lebovitz punitive damages for their malicious and/or reckless conduct described in paragraph 14 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, NY
   May 1, 2014

          P. David Lopez
          General Counsel

          James Lee
          Deputy General Counsel

          Gwendolyn Reams
          Associate General Counsel


          /s/ Robert D. Rose
          Robert D. Rose (RR 9174)
          Acting Regional Attorney


          /s/ Raechel L. Adams
          Raechel L. Adams (RA 0460)
          Supervisory Trial Attorney


          /s/ Hsiao-Hsiang (Catherine) Wan
          Hsiao-Hsiang (Catherine) Wan (HW3849)
          Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          New York District Office
          33 Whitehall Street, 5th Floor
          New York, NY  10004-2112
          (212) 336-3744
          (212) 336-3623 (fax)
          Hsiao-hsiang.Wan@eeoc.gov